# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tonya Marie Jackson<br><br>　　　　Plaintiff,<br>　v.<br><br>Solicitor William B. Rogers, Jr.<br>　　　　Defendant. | C/A: 4:24-cv-3884-RMG<br><br><br>**ORDER** |

　　　　Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 11) of the Magistrate Judge recommending that the Court summarily dismiss Plaintiff's complaint without service of process and without prejudice. Plaintiff was given notice of right to the file written objections to the R & R within fourteen days of service of the R & R and a failure to file objections would limit review by the District Court to clear error review and waiver of the right to appeal. (*Id*. at 6). Plaintiff filed no objections to the R & R.

**Legal Standards**

　　　　This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

### Discussion

After a review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's complaint was subject to summary dismissal because a claim for expungement of a state court criminal conviction fails to state a federal claim. (Dkt. No. 11 at 4).

### Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 11) as the Order of the Court and **DISMISSES** the instant action without service of process and without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel<br>
United States District Judge

August 29, 2024  
Charleston, South Carolina